### George Gray v. The State.

Unlawful Purchase of Public Land. — Indictment, based on art. 1863, Paschal's Digest, charged that the accused was county surveyor of Stephens County, and that he did on a certain day, and in said county, "deal in land-certificates of the State of Texas, and was then and there interested and concerned in the purchase and sale of an interest in the public lands of the State of Texas, contrary to law," etc. *Held*, that the indictment is bad for uncertainty, and because the said art. 1863 does not designate county surveyors among the officials prohibited from dealing in the public lands. Note, however, that the Revised Code corrects the omission.

APPEAL from the District Court of Stephens.    Tried below before the Hon. J. R. FLEMING.

The opinion states the case.

*W. J. Brocket* and *T. B. Wheeler*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. . The appellant was convicted of a supposed violation of art. 244 of the Penal Code (Pasc. Dig., art. 1863), which is as follows : " If any person who is an officer or clerk in the general land-office, or a district surveyor or deputy district-surveyor, shall directly or indirectly be concerned in the purchase of any right, title, or interest in any public land in his own name, or in the name of any other person, or shall take or receive any fee or emolument for negotiating or transacting any business connected with the duties of his office, other than the fees allowed by law, he shall be removed from office and fined in any sum not exceeding five hundred dollars, and be excluded from holding any other office under the State."

The charging portion of the indictment upon which the appellant was tried and convicted is as follows : " That heretofore, on, to wit, the fifteenth day of January, A. D. 1877, in the county of Stephens and State of Texas, George Gray was the county surveyor of Stephens County, State of Texas, duly elected and commissioned, and the said George Gray, then and there county surveyor as aforesaid, did then and there deal in land-certificates of the State of Texas, and was then and there interested and concerned in the purchase and sale of an interest in the public lands of the State of Texas."

A motion was made to quash the indictment on the following grounds : *First*, for the reason that the same does not allege any offence known to the laws of the State of Texas ; and, *second*, the indictment is uncertain in its lan-

guage, and the offence is not charged in the language of the statute, nor in any language equivalent thereto.

The penalties of the article in question are imposed upon a certain class of officials and clerks, who are named therein, to wit, any person who is an officer or clerk in the general land-office, and a district surveyor or deputy district-surveyor. County surveyors are not mentioned. This omission has been supplied by the revised enactments of the last session of the Legislature, and in the reënacted article (art. 116) county surveyors and their deputies are added to the persons named in the original article; but the article as above set out was the law in force when the proceedings under consideration were had.

Two things are denounced in the article cited, to wit, to be concerned in the purchase of any right, title, or interest in any public land, either directly or indirectly, either in his own name or in the name of any other person, and the receiving of any fee or emolument other than the fees provided by law for negotiating or transacting business connected with the duties of his office. There is no question of duplicity raised by the record, and there can be no pretence that the indictment attempts to charge the taking and receiving higher fees and emoluments than are prescribed by law for the duties to be performed or the services to be rendered.

If the indictment is sufficient, then it must be on the ground that the expression in the indictment, " did then and there deal in land-certificates of the State of Texas, and was then and there interested and concerned in the purchase and sale of an interest in the public lands of the State of Texas," describes the offence set out in the statute; which we are of the opinion it does not do. And even if this were the case, and whilst it is generally sufficient in offences created by statute to set out the offence in the language of the statute which creates the offence, yet it will not be so contended when the language of the statute alone

is deficient in setting out the offence, and something more becomes necessary to be averred in order to complete the description of the offence and apprise the accused as to what particular violation of law he will have to meet on the trial.

By the Code of Procedure in force when this indictment was presented, as well as by that now in force, it was and still is required that in indictments the offence must be set forth in plain and intelligible language. In *The State* v. *West*, 10 Texas, 555, Judge Wheeler, after stating the rule which generally applies to statutory offences, says: " There is an exception to this rule when the statute uses generic terms, in which case it is necessary to state the species, according to the truth of the case; and when the subject of the indictment cannot be brought within the meaning of the statute without the aid of extrinsic evidence, it is necessary, besides charging the offence in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning of it." This court, in *White* v. *The State*, 3 Texas Ct. App. 605, quoting from a number of authorities, held that, as a general rule, it is sufficiently certain to describe an offence in an indictment in the language of the act creating the offence; but there are cases where more particularity is required, either from the obvious intention of the Legislature or from the application of known principles of law." And " certainty is as to the matter to be charged and the manner of charging it; the things necessary to the description of the crime must be stated. As to the matter charged, whatever circumstances are necessary to constitute the crime imputed must be set out. It is otherwise when the crime alleged is such independently of the circumstances; for then they may aggravate, but cannot constitute, the offence. As to the manner of making the averments, in all cases those which are descriptive of the crime must be introduced upon the record by averments, in opposition to argument or inference."

If the acts complained of in the indictment in the present case describe the offence mentioned in the statute, it is not by averment, but inference. The indictment does not set forth the act or thing done by the defendant, and inhibited by the statute, in such plain and intelligible language as to apprise the accused what it is he is called upon to defend against, or to enable him to plead the judgment in bar of another prosecution for the same offence; and it is against an officer not mentioned in the statute.

On these grounds, we are of opinion the indictment is insufficient to support the verdict and judgment, and think the court erred in overruling the motion to quash. The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*